IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Franklin Walker, | ) | Civil Action No.: 4:09-cv-02713-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Richard Poland, Dean W. Smith, and Dean W. Smith Trucking Co., | ) | |
| Defendants. | ) | |

This matter is before the court with Plaintiff's [Docket Entry 7] Motion to Remand. The court has reviewed the record and the memoranda of counsel. For the reasons set forth below, the court determines that remand is appropriate.

Plaintiff, a South Carolina resident, sued the defendants for damages arising out of an automobile accident. Defendant Poland and Defendant Smith are both residents of the State of Wisconsin, and Defendant Dean W. Smith Trucking is incorporated and headquartered in Wisconsin. Plaintiff originally filed this action in the Court of Common Pleas, Florence County, South Carolina. On October 19, 2009, Defendants removed this action based upon diversity jurisdiction. Plaintiff filed a motion to remand on November 9, 2009, to which Defendants filed their opposition on November 23, 2009. Although Plaintiff's Complaint requests an unspecified amount of actual, special, consequential and punitive damages, Plaintiff has stipulated and agreed in his motion and attached affidavit that should a "Florence County jury award him over $75,000.00 that the state court reduce his award to $75,000.00." Plf's. Memo. [Docket Entry 7, Attach. 1] at 1; *see also* Affidavit of Walker [Docket Entry 7, Attach. 2] at 1. Accordingly, the

court finds that Plaintiff will not and can not recover damages in excess of $75,000.00 in this suit.

The removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *McGraw v. FD Services, Inc.*, 811 F. Supp. 222, 223 (D.S.C. 1993). The burden is on Defendants to prove a case was properly removed. *Mulcahey*, 29 F.3d at 151; *Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992); *Hinks v. Associated Press*, 704 F. Supp. 638 (D.S.C. 1988). Although the precise nature of Defendants' burden "is a subject of much controversy,"[1] the court finds that it need not resolve this issue because under any standard of proof, the court is convinced that Plaintiff's motion and attached affidavit reveal that the court lacks subject matter jurisdiction.

As a general rule, "the jurisdictional requirements for diversity jurisdiction [must be met] at both the time of commencement [of the action in state court] and the time of removal." *Sayers v. Sears, Roebuck and Co.*, 732 F. Supp. 654, 656 (W.D. Va. 1990); *Griffin v. Holmes*, 843 F. Supp. 81, 87 (E.D.N.C. 1993). "A corollary of this rule is that Plaintiff in such an action may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a)." *Ferguson v. Wal-Mart Stores, Inc.*, No. 4:94-2696-22, 1994 WL 653479, at *1 (D.S.C. Nov. 15, 1994) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

---

[1] *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

2

However, the court finds that *St. Paul* is not controlling in this case. Plaintiff's complaint seeks an unspecified amount of actual, special, consequential, and punitive damages. The court is in agreement with other decisions characterizing a post-removal stipulation regarding the amount in controversy as a clarification permitted by *St. Paul*, not an amendment forbidden by *St. Paul*. *See Ferguson*, 1994 WL 653479 at *1-*2; *see also Tommie v. Orkin, Inc.*, No. 8:09-1225, 2009 WL 2148101, at *1-*2 (D.S.C. July 15, 2009); *McClure v. Metro. Life Ins. Co.*, No. 6:06-2624, 2007 WL 2572246, at *1 (D.S.C. Aug. 31, 2007); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990).

Because Plaintiff's post-removal clarification of his unspecified damages is permissible and should be given effect, it is clear that the jurisdictional amount cannot be satisfied.[2] "[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Thus, this court concludes it lacks subject matter jurisdiction over this case and remand is proper.

## Conclusion

For the reasons stated above, Plaintiff's [Docket Entry 7] Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Florence County. A certified copy of this Order of Remand shall be mailed by the Clerk of

---

[2] *See Tommie*, 2009 WL 2148101 at *1 ("Nevertheless, various jurisdictions have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint."); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3725, at 1130-36 (4th ed. 2009).

this court to the Clerk of Court for the Court of Common Pleas, Florence County, South Carolina.

**IT IS SO ORDERED.**

                                      s/R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

December 22, 2009
Florence, South Carolina